UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ARMSTRONG JACOB KNIGHT                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:08CV243-LG-RHW

JIM HOOD et al                                                                                DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court on Armstrong Jacob Knight's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  In the Circuit Court of Harrison County, Knight pleaded guilty to manslaughter, possession of a firearm after a felony conviction, and carrying a concealed weapon after a felony conviction.  The circuit court sentenced Knight to a 30-year prison term.  On November 29, 2004, Knight filed a motion for post-conviction collateral relief (PCR), which the circuit court denied.  On April 21, 2006, he appealed the denial of his motion for PCR.  Knight also filed a motion for appointment of counsel to assist in the appeal of his PCR.  The Mississippi Supreme Court denied the motion for appointment of counsel.  The Mississippi Court of Appeals reviewed Knight's PCR and issued an opinion on October 31, 2006, which it later withdrew and replaced on March 11, 2008.  *See Knight v. State of Mississippi*, 983 So.2d 348 (Miss. Ct. App. 2008).  The court of appeals reversed and rendered the circuit court's judgment on the issue of whether Knight's attorney was ineffective by allowing him to plead guilty to the concealed weapon charge.  *See id.* at 351-52.  The court affirmed the balance of circuit court's order denying PCR.  *See id.* at 355.  Knight filed a petition for writ of certiorari to the Mississippi Supreme Court, which was denied.  *See Knight v. State*, 981 So.2d 298 (Miss. 2008)(Table).  Knight then filed the instant § 2254 petition.

In his petition, Knight raises essentially two claims: (1) whether Knight was entitled to appointment of counsel to appeal the denial of his PCR; (2) whether Knight's plea was invalid because the prosecutor breached the plea agreement regarding the return of personal property. Knight's second claim is further subdivided into two sub-parts: (a) whether the state court ruled contrary to *Libretti v. United States*, 516 U.S. 29 (1995); and (b) whether the state court ruled contrary to *Santobello v. New York*, 404 U.S. 257 (1971), and *Blackledge v. Allison*, 431 U.S. 63 (1977). The State asserts that Knight failed to exhaust the appointment of counsel claim as well as subpart (b) of his second claim.

**Appointment of Counsel and *Halbert***

Knight asserts that he was entitled to appointment of counsel to appeal the denial of his PCR. Specifically, he cites *Halbert v. Michigan*, 545 U.S. 605 (2005), in support of his contention. Knight also argues that, contrary to the State's argument, he exhausted the appointment of counsel claim because he filed a motion to appoint counsel while his PCR appeal was pending.

Assuming *arguendo* that Knight did in fact exhaust this claim, the undersigned finds that the claim is without merit because the holding in *Halbert* does not apply to the facts of this case. Knight argues that under *Halbert* he must be appointed counsel because the appeal of the dismissal of his motion for PCR is the type of first-tier appellate review contemplated in *Halbert*. The undersigned concludes that the situation presented in Knight's case is distinguishable. *See e.g. Fluker v. Mississippi*, 17 So.3d 181 (Miss. Ct. App. 2009). In *Halbert*, the Supreme Court determined that a Michigan defendant who pleaded guilty did not forfeit all opportunity for appellate review. Rather he could file an application for leave to appeal his conviction. *Halbert*,

2

545 U.S. at 617.  By contrast, at the time that Knight pleaded guilty, Miss Code Ann. § 99-35-191 provided that "an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty."  As recognized by the Supreme Court in *Halbert*, "[t]he Federal Constitution imposes on the States no obligation to provide appellate review of criminal convictions."  545 U.S. at 610.  When Knight sought appointment of counsel, it was not on direct appeal, but rather through the post-conviction collateral review process.  Under Mississippi law, "[p]ost-conviction relief is not the same or substitute for direct appeal".  *Fluker*, 17 So.3d at 183.  Furthermore, there is no constitutional right to appointment of counsel for a prisoner's collateral challenge of a conviction.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Knight's invocation of *Halbert* is simply misplaced.  *Halbert* requires the appointment of counsel for a first-tier appellate review of a guilty plea where such an appeal is authorized by state law, but it does not require appointment of appellate counsel in the post-conviction collateral review process.

### **Guilty Plea and Personal Property:** *Libretti*

Plaintiff argues that the Mississippi Supreme Court ruled contrary to *Libretti v. United States* when it relied on *Myers v. State*, 770 So.2d 542 (Miss. Ct. App. 2000) in denying his PCR.  Knight contends that in entering a guilty plea, he relied on the State's agreement that certain seized property would be released to Knight's brother.  He further asserts that if he had known that the State was not going to honor that term of the agreement, he would not have pleaded guilty.  The State acknowledges that Plaintiff exhausted this claim in his State proceedings.  Accordingly, the undersigned will examine the claim under § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

When it considered the issue raised in Knight's PCR, the Mississippi Court of Appeals held that "there is no proof that the recommendation [for the return of property] was not honored." The court further concluded that:

> Even if the property was not returned, there was not a failure by the State at the sentencing hearing, as in *Myers*, to honor the agreement on what sentence to recommend to the trial judge. If Knight or his family believe the county or other authorities have retained property that should be delivered to them, there are means to seek its return. Knight's plea was valid, regardless of what happened to the computer and other items.

*Knight*, 983 So.2d at 355. At sentencing, Knight's attorney raised the issue of personal property and Knight's request that it be returned. The prosecution made no objection to the request. In fact, the circuit court judge entered an order dated February 17, 2004, directing the "State and Harrison County Sheriff's Department release any personal property of the Defendant to his brother, Edward Knight." Knight contends that other than a laptop computer that was returned to his brother, the rest of his personal property was destroyed.

Knight's invocation of *Libretti* is unavailing. As part of his plea bargain, the defendant in *Libretti* stipulated to the forfeiture of certain of his property pursuant to the penalties of forfeiture contained in 21 U.S.C. § 853(a). 516 U.S. at 31. The issue presented to the Supreme Court was

whether Fed. R. Crim. P. 11(f) required the district court to determine whether a factual basis existed for the stipulated asset forfeiture embodied in the plea agreement. *Id.*

The facts and procedural posture of Knight's case are easily distinguishable. Unlike the present case, *Libretti* involved the application and interaction of Fed. R. Crim. P. 11(f) and a federal criminal forfeiture statute. In the instant case, Knight entered into a plea agreement but he did not stipulate to the forfeiture of assets as part of the agreement. The agreement merely contained a request on Knight's part that certain property be returned to his brother. Knight mistakenly characterizes the state's agreement to return ("forfeit") property to his brother to be equivalent to a criminal forfeiture stipulation under 21 U.S.C. § 853(a). The trial court was under no obligation to establish a factual basis for Knight's agreement to forfeit property as part of the plea colloquy because Knight did not as a term of the plea agreement stipulate to the forfeiture of assets pursuant to federal criminal law. As such, the state court was under no obligation to apply *Libretti* in the manner now suggested by Knight.

**Guilty Plea and Personal Property:  *Santobello* and *Blackledge***

Knight also argues that the State court ruled contrary to the Supreme Court's holdings in *Santabello* and *Blackledge* when it denied him relief and did so without an evidentiary hearing. The State argues that Knight failed to exhaust this claim in the state PCR proceeding. In his rebuttal, Knight concedes that he did not cite to *Blackledge* in his PCR, but otherwise, he argues that the issue has been properly exhausted.

Assuming *arguendo* that Knight has exhausted this claim, it fails on several grounds. As an initial matter, Knight argues that if *Libretti* affords tangible plea term protections, then the state court ruled contrary to *Santabello* and *Blackledge*. As explained above, the condition

precedent has not been met, *i.e. Libretti* does not apply to Knight's case; therefore, any further inquiry becomes moot. Moreover, *Santabello* and *Blackledge* do not apply. *Santobello* held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 499. To the extent that the return of Knight's personal property is viewed as a term of the plea agreement, the prosecution offered no objection to the return of Knight's property. In fact, the trial court ordered the return of Knight's personal property, thereby fulfilling the term of the agreement. The fact that some of the property was destroyed before it was returned does not render his guilty plea invalid. As *Libretti* and *Santobello* do not apply to Knight's case, there is no basis for an evidentiary hearing under the *Blackledge* analysis.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Knight's 28 U.S.C. § 2254 petition be denied and dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by

the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  SO ORDERED, this the 11th day of May, 2011.

                s/ *Robert H. Walker*
                UNITED STATES MAGISTRATE JUDGE